AO 472 (Rev. 3/86) Order of Detention Pending Trial
=====================================================================

## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Mag. No. 08-16-C** |
| | ) | |
| **FREDERICK GATES,** | ) | |
| **Defendant** | ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]  (1)  The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

[ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
[ ] an offense for which the maximum sentence is life imprisonment or death.
[ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
[ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]  (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]  (3)  A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]  (4)  Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[X]    (1)    There is probable cause to believe that the defendant has committed an
              offense

        [X]    for which a maximum term of imprisonment of ten years or
     more is prescribed in the Controlled Substances Act.
        [ ]    under 18 U.S.C. Section 924(c).

[X]    (2)    The defendant has not rebutted the presumption established by finding 1 that
              no condition or combination of conditions will reasonably assure the appearance of
              the defendant as required and the safety of the community.

**Alternate Findings (B)**

[ ]    (1)    There is a serious risk that the defendant will not appear.

[X]    (2)    There is a serious risk that the defendant will endanger the safety of another
              person or the community.

**Part II - Written Statement of Reasons for Detention**

The defendant is charged in a criminal complaint with possession with intent to distribute
and distribution of 50 grams or more of a mixture or substance containing cocaine base (also
known as crack cocaine), in violation of 21 U.S.C. §  841(a)(1), and with aiding and abetting the
commission of that crime, in violation of 18 U.S.C. § 2.  I have found that the government has
established probable cause to believe that the defendant did commit the offenses charged.  The
defendant is thus exposed to a mandatory minimum term of imprisonment of 10 years and a
maximum term of life.  The government has invoked the presumption contained in 18 U.S.C.
§ 3142(e) and seeks to have the defendant detained both as a risk of flight and a danger to the
community.

The government and the defendant stipulated that the detention hearing record would
consist of the affidavit of U.S.D.E.A. task force agent Michael Dumond supporting the criminal
complaint, Dumond's testimony offered at the preliminary examination held just prior to the
detention hearing, and the pretrial services report (as corrected to reflect on page 1 that the
defendant was arrested in late January 2008, rather than 2007).  The defendant relied on that part
of the pretrial services report noting his relationship with Kristy Nadeau and her willingness to
have him reside with her at her 657 Court Street, Auburn, Maine address if released on bail as a
rebuttal of the statutory presumption against him.  Inasmuch as the pretrial services report also
details Nadeau's own criminal history which, on its face, makes apparent the inappropriateness of
the defendant's residence plan, I conclude that, as a matter of law, the defendant has not rebutted
the presumption, thus mandating detention.

Even if the defendant is deemed to have rebutted the presumption, as it relates both to risk
of flight and danger to the safety of the community, the effect of the rebuttal is only to relieve the
defendant of the burden of production.  *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir.
1985).  Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has
found that "flight to avoid prosecution is particularly high among persons charged with major drug
offenses."  S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384.  The legislative
history also reveals that, in establishing the statutory presumption that "no condition or

combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

The evidence against the defendant, as detailed in agent Dumond's affidavit, is strong. Dumond supplemented this affidavit evidence through the testimony he offered at the preliminary examination that noted that searches of both the defendant's apartment at 28 Howe St., Lewiston, before his eviction in January 2008, and of Nadeau's Court Street home in Auburn where the defendant has apparently been residing revealed the presence of quantities of crack and powder cocaine and marijuana and between $8,000 and $9,000 in U.S. currency at a time when the defendant had no legitimate source(s) of income.

The defendant clearly poses a significant risk of flight given his limited ties to Maine and the 10-year mandatory minimum prison sentence he is facing if convicted. He also presents a clear danger to the community given the nature of the charges, the evidence supporting them, his criminal history and his untreated alcohol abuse (and likely drug abuse). Indeed, the defendant deviates little, if at all, from the paradigm on which the rebuttable presumption is based. Any condition of release would have to include reliable third-party supervision. Nadeau, who has not even been offered as a third-party custodian candidate, is certainly not suitable. Unsupervised house arrest and electronic monitoring will not alone provide the required level of assurance that the defendant will not flee and that the community will be protected from his continuing drug trafficking.

Taking into consideration the congressional concerns that underlie the presumption, including drug trafficking recidivism and flight to avoid prosecution, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions of release that can be fashioned that will reasonably assure community safety. I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4

Dated: February 19, 2008.

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge